## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| HANS GYLLSTROM, | : | MOTION TO VACATE |
| BOP ID 63217-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-1084-AT-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:12-CR-52-AT-CMS |

## FINAL REPORT AND RECOMMENDATION

In February 2012, Hans Gyllstom waived indictment and pled guilty to an information charging him with violating 18 U.S.C. § 1462. *See* [1], [3], [4]. In his Plea Agreement, Gyllstrom (i) acknowledged receipt by way of the internet of obscene, lewd, and lascivious materials, including "material that portrays sadistic conduct involving minors," and (ii) "voluntarily and expressly waive[d] . . . the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground," except one not relevant here. [4-1] at 3, 5. Gyllstrom did not file a direct appeal, and the Judgment and Commitment [10] became final in June 2012.

In March 2016 – almost four years later – Gyllstrom filed the § 2255 motion [11] now pending before the Court.

The undersigned **RECOMMENDS** that Gyllstrom's § 2255 motion be **DENIED** for three reasons. First, Gyllstrom waived the right to file a § 2255 motion, and he has offered no reason that waiver is invalid. *See generally Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). Second, Gyllstrom's § 2255 motion is untimely. *See generally* 28 U.S.C. § 2255(f) (establishing a one-year limitation period). And, third, Gyllstrom's argument that Public Law Number 80-772 (codified at scattered sections of 18 U.S.C., including § 1462) was never properly enacted by the United States Congress is frivolous under the enrolled-bill rule. *See, e.g., United States v. Farmer*, 583 F.3d 131, 152 (2d Cir. 2009); *Public Citizen v. U.S. Dist. Ct. for D.C.*, 486 F.3d 1342, 1349-50 (D.C. Cir. 2007).

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Gyllstrom does not meet the requisite standards. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773

2

F.3d 1132, 1138 (11th Cir. 2014) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 11th day of April, 2016.

/s/ Catherine Salinas
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE